[Cite as *State v. Whitt*, 2023-Ohio-2443.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 17-22-12

      v.

CLAUDIE D. WHITT,                     O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Shelby County Common Pleas Court
Trial Court No. 22CR000110

Judgment Affirmed

Date of Decision: July 17, 2023

APPEARANCES:

      *Christopher R. Bucio* for Appellant

      *Timothy S. Sell* for Appellee

**WALDICK, J.**

{¶1} Defendant-appellant, Claudie D. Whitt ("Whitt"), brings this appeal from the September 20, 2022, judgment of the Shelby County Common Pleas Court sentencing him to an indefinite prison term of 14 to 17.5 years after Whitt pled guilty to, and was convicted of, two counts of Pandering Obscenity Involving a Minor. On appeal, Whitt argues that the aggregate sentence amounted to cruel and unusual punishment. For the reasons that follow, we affirm the judgment of the trial court.

*Background*

{¶2} From 2019 to 2022 Whitt used cameras in his bathroom to record his juvenile step-granddaughter while she showered. At one point, Whitt showed his step-granddaughter a video that he had recorded of her and he blackmailed her by threatening to expose the video if she told anyone he had it. In addition, when Whitt learned an investigation into his conduct might occur, he removed his equipment from his house and placed it in the woods.

{¶3} On May 12, 2022, Whitt was indicted for seventeen counts of Pandering Obscenity Involving a Minor in violation of R.C. 2907.321(A)(1), all second degree felonies, and Having Weapons While Under Disability in violation of R.C. 2923.13(A)(1), a third degree felony. Whitt originally pled not guilty to the charges.

{¶4} Pursuant to a written, negotiated plea agreement, Whitt agreed to plead guilty to two counts of Pandering Obscenity as indicted, and in exchange, the State

agreed to dismiss the remaining charges against him. The trial court held a Crim.R.11 hearing and determined that Whitt was entering knowing, intelligent, and voluntary pleas. Whitt was found guilty, and on September 19, 2022, he was sentenced to serve an aggregate, indefinite prison term of 14 to 17.5 years. A judgment entry memorializing his sentence was filed September 20, 2022. It is from this judgment that Whitt appeals, asserting the following assignment of error for our review.

## Assignment of Error

**Considering the Appellant's age and health at the time of the offense, the maximum prison sentence being imposed upon the Appellant amounts to cruel and unusual punishment.**

**{¶5}** In his assignment of error, Whitt argues that because he was 73 years old at the time of sentencing, the aggregate 14-17.5 year prison term that was imposed was effectively a life sentence. He contends that the sentence amounts to cruel and unusual punishment under the Eighth Amendment.

## Standard of Review

**{¶6}** Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the

trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

Relevant Authority

**{¶7}** The Eighth Amendment to the United States Constitution provides that "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." This provision applies to the states pursuant to the Fourteenth Amendment. *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, ¶ 12. Further, the same restriction is codified in Ohio's Constitution in Article I, Section 9.

**{¶8}** "Historically, the Eighth Amendment has been invoked in extremely rare cases, where it has been necessary to protect individuals from inhumane punishment such as torture or barbarous acts." *State v. Weitbrecht*, 86 Ohio St.3d 368, 370 (1999). "Over the years, it has also been used to prohibit punishments that were found to be disproportionate to the crimes committed." *Id*. The rare cases where cruel and unusual punishments have been found involved "sanctions which under the circumstances would be considered shocking to any reasonable person." *Id*. at 371. "Furthermore, 'the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community.'" *Id*. quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 70 (1964).

Analysis

{¶9} In this case, Whitt argues that his aggregate sentence constitutes cruel and unusual punishment because he was 73 years old at the time of sentencing and he would not get out of prison until he was 87-90 years old. He contends that given his life expectancy is shorter than the age that he would be when he was released from prison, his aggregate sentence was unduly harsh.

{¶10} Further, Whitt argues that his sentence was unduly harsh because he had lived a mostly law-abiding life, having only one prior conviction related to marijuana in the 1990s. Whitt also contends that he was in poor health at the time of sentencing and that he was unlikely to even have the capacity to be a danger to the community in the future, let alone the propensity to be a danger based on his criminal history.

{¶11} The State counters by first emphasizing that Whitt had 16 crimes dismissed as part of his plea agreement and that Whitt did not even receive a maximum prison term on either of the prison terms he did receive. The State also argues that given the gravity of the crimes, the fact that the victim in this case was a juvenile, and the fact that Whitt abused the victim's trust as a family member, the aggregate sentence was not unduly harsh.

{¶12} In our own review of the matter, we emphasize that the Supreme Court of Ohio has specifically held that "[F]or purposes of the Eighth Amendment and

Section 9, Article I of the Ohio Constitution, proportionality review should focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively." *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, ¶ 20. Further,

> [w]here none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment.

*Id*.

**{¶13}** Here, Whitt was sentenced to serve 7 years in prison on each of the Pandering Obscenity convictions, which was less than the maximum 8 year prison terms permitted. The Supreme Court of Ohio has explicitly held that, "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to cruel and unusual punishment." *McDougle* at 69. Thus, generally, the sentence in this case cannot amount to cruel and unusual punishment, and for this reason alone Whitt's assignment of error is overruled.

**{¶14}** Notwithstanding the prior point, we emphasize that while Whitt claimed he had led a mostly law-abiding life, he perpetrated the crimes in this case against a juvenile over *months and years*, meaning these crimes were not an isolated incident. Then, Whitt attempted to blackmail the victim into staying quiet about the matter. The trial court emphasized these facts and noted that while it was aware of

Whitt's age and his scant criminal history, Whitt had to be "appropriately sanctioned" for his conduct. (Sept. 29, 2022, Tr. at 9).

{¶15} Given the circumstance in this case, we do not find that the prison terms "shock the sense of justice of the community."[1] *Weitbrecht* at 371. As Whitt's individual sentences are not grossly disproportionate to their respective offenses, we find that Whitt's aggregate prison term does not constitute cruel and unusual punishment.[2] Therefore, Whitt's assignment of error is overruled.

*Conclusion*

{¶16} Having found no error prejudicial to Whitt in the particulars assigned and argued, his assignment of error is overruled and the judgment and sentence of the Shelby County Common Pleas Court is affirmed.

*Judgment Affirmed*

**MILLER, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**

---

[1] Whitt is effectively arguing that no elderly person can be sentenced to a lengthy prison term regardless of the gravity of their crimes.

[2] Whitt does not specifically argue in his brief that consecutive sentences are unsupported, but even if he did, the trial court made the appropriate findings and those findings were not clearly and convincingly contrary to law.